IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAMIRO MARTINEZ, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV09-386-E-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| EL TORO, et al, ) | |
| ) | |
| Defendants. ) | |

     Pending before the Court in the above-entitled matter is Plaintiffs Motion for Partial Summary Judgment Re: Liability (Docket No. 24). The motion was filed on December 16, 2009. As of May 10, 2010, no response has been filed by Defendants.

     Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

### Failure to Respond to Motion

     District Courts may establish local rules of procedure that have the force of law. Fed. R. Civ. P. 83(a)(1). Attorneys practicing in a federal district court are charged with knowledge of the local rules the same as they are charged with knowledge of the Fed. R. Civ. P. Local Rule 7.1 controls when a response must be filed to a motion. Pursuant to D. Idaho L. Civ. R. 7.1(c), the responding party must file its response within twenty-one days after

service upon the party of the motion and memorandum by the moving party.[1] The Local Rules provide that failure to respond to a motion may be deemed consent to the granting of the motion. D. Idaho L. Civ. R. 7.1(f).

However, pursuant to United States v. Real Property Located at Incline Village, 47 F.3d 1511, 1520 (9th Cir. 1995) default summary judgment is not proper unless movant's paper are sufficient to support the motion or on their face the movant's papers reveal no genuine issue of material fact. See also Marshall v. Gates, 44 F.3d 722, 725 (9th Cir. 1995) (summary judgment may not be granted simply because opposing party violated a local rule, if movant did not meet burden of demonstrating absence of genuine issue for trial). Accordingly, the Court will evaluate the motion for summary judgment on the merits.

## Summary Judgment Standard of Review

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides, in pertinent part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the

---

[1] D. Id. L. Civ. R. 7.1(c)(1) provides in part:

The responding party must serve and file a response brief . . . . The responding parties must serve and file with the response brief any affidavits, copies of all photographs, and documentary evidence on which the responding party intends to rely. (Emphasis added.)

non-moving party will bear the burden of proof at trial. See, Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no `genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.[2]

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute . . . to require a jury or judge to resolve the parties' differing versions of the truth at trial." Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First Nat'l Bank v. Cities Serv. Co. Inc., 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund, 882 F.2d 371 (9th Cir. 1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

Id. at 374 (citation omitted).

---

[2] See also, Rule 56(e) which provides, in part:

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

MEMORANDUM ORDER - Page 3
10ORDERS\MARTINEZ_PSJ.WPD

Of course, when applying the above standard, the court must view all of the evidence in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Hughes v. United States, 953 F.2d 531, 541 (9th Cir. 1992).

## Factual Background

Plaintiffs have submitted the following undisputed facts. Plaintiffs Ramiro Martinez, Javier Palscencia and Araceli Placencia worked at El Toro in 2008 and/or portions of 2009. Defendant El Toro is a sole proprietorship owned by Defendants Wendy Pelayo and Jose Carmen Palayo Gutierrez. Defendants did not pay workers compensation insurance while the Plaintiffs were employed. Defendants paid Plaintiffs in cash and did not provide pay stubs for the hours worked and payment received. Defendants did not have Plaintiffs complete W-4 forms while working for El Toro. Defendants never paid applicable state and federal taxes on the wages earned by Plaintiffs. Defendants did not pay the statutory federal and Idaho minimum wage for the hours worked by Plaintiffs. Defendants did not pay Plaintiffs overtime compensation as required under 29 U.S.C. § 207(a)(1) when the Plaintiffs worked in excess of forty (40) hours per week. Defendants failed to pay Plaintiffs for work performed on July 2 and 3, 2009. Plaintiffs now seek judgment as a matter of law regarding liability against Defendants for not paying the applicable minimum wages, not paying overtime wages and for unpaid wages.

## Analysis

This Court has jurisdiction over this matter pursuant to the Fair Labor Standards Act of 1938 and 28 U.S.C. § 1367(a). Employers are required to pay employees the statutory minimum hourly wage for work performed and to pay time and a half for overtime hours. Employers are also liable for unpaid wages if an employee works and is not paid. In this case is it undisputed that Plaintiffs worked for Defendants and were not properly paid for the hours worked. Based on the undisputed facts submitted, the Court agrees that Plaintiffs are entitled to judgment as a matter of law for liability on the claims of failure to pay the

applicable federal and Idaho minimum hourly wages, failure to pay overtime wages where Plaintiffs worked more than forty (40) hours per week, and failure to pay wages for work performed on July 2 and 3, 2009.

## Order

Being fully advised in the premises, the Court hereby orders Plaintiffs' motion for partial summary judgment (Docket No. 24) is GRANTED as to liability on all claims.

DATED: **May 12, 2010**

Honorable Edward J. Lodge
U. S. District Judge